[Crim. No. 3710. Second Dist., Div. Two. June 25, 1943.]

THE PEOPLE, Respondent, v. ROBERT LESTER HOW-
ERTON, Appellant.

William C. Kenney for Appellant.

Robert W. Kenny, Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was found guilty by a jury of the violation of section 288 of the Penal Code. It was specifically charged in the information that he committed lascivious acts upon the body of a boy of the age of six years in a theatre in the city of Los Angeles. On this appeal from the judgment of conviction and from the order denying his motion for a new trial defendant contends that the evidence is insufficient to support the conviction and that the court erred in denying a new trial.

The trial court permitted defendant to file an application for probation. The record discloses that when the court considered the report of the probation officer the following proceedings took place: "The Court: What is that Medical Lake institution at Washington, Mr. Howerton? That is an insane asylum, isn't it? The Defendant: No, sir, it is more of a hospital. Q. More of a hospital, a hospital

for mental cases, isn't it? A. I believe that it is for kids and children. Q. You mean that it is not an asylum? A. It is for children and kids and people in my condition. Q. You were in Medical Lake, Washington, at one time? A. Yes. Q. How long were you in the school hospital, or whatever you choose to call it, there? A. Eight years. Q. How did you happen to be committed to that place? A. For the same charge. Q. What do you mean by the same charge? A. Well, I got in trouble with another little boy. Q. In trouble with a little boy? A. Yes. Q. The thing that you did to that little boy was different than what you did to the little boy involved in this case, wasn't it? A. Yes, Your Honor. Q. You committed sodomy with him, didn't you? A. Yes. Q. How old were you then? A. About sixteen. Q. How old are you now? A. Twenty-seven. Q. What did you do to this little boy in the theatre out there on the day in question? A. I played with his front privates. Q. How? A. I was playing with his front privates. Q. What is the matter with you? Why do you do those things? A. I don't know. It is just a desire, I guess.''

It appears from the foregoing that defendant has admitted his guilt in open court. We are prohibited by the Constitution of California, article VI, section 4½, from setting aside a judgment or granting a new trial unless in our opinion errors of the trial court resulted in a miscarriage of justice. It is apparent that there has been no miscarriage of justice in the present case.

The judgment and the order are affirmed.

Moore, P. J., and McComb, J., concurred.